UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID EUGENE HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-03055-JMS-MPB |
| | ) | |
| JAMIE HOBBICK, | ) | |
| PATRICK MCCOSKY, | ) | |
| REBECCA SMITH, | ) | |
| MELINDA RANGLE, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Defendants' Motion to Dismiss**

The plaintiff brought this action against the defendants, four employees of the Indiana Department of Child Services ("DCS"), alleging unspecified violations of federal law. The defendants move to dismiss the plaintiff's claims under Rule 12(b)(1) and Rule 12(b)(6). The plaintiff did not respond to the defendants' motion, and the deadline to do so has long passed, leaving the defendants' motion unopposed. For the reasons explained, the defendants' unopposed motion to dismiss [dkt. 10] is **granted** pursuant to Rule 12(b)(6).

**I.**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory

allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.

The following allegations are drawn from the plaintiff's complaint and are taken as true for the purposes of the defendants' motion.

On September 9, 2016, the plaintiff was interacting with two police officers. The officers contacted DCS employee and defendant Jamie Hobbick to report that the plaintiff was "homeless with children." Filing No. 1 at 2. The plaintiff was on the phone with his sister, and Ms. Hobbick said that if his sister could give him money for a hotel room he "could have the children back." *Id.* Ms. Hobbick further reported that the plaintiff had a known history with CPS including charges of neglect and sexual abuse. The plaintiff asserts that Ms. Hobbick's statements, including those about his CPS history, were all lies. The charges, says the plaintiff, are attributable to his children's mother, not him. The plaintiff alleges that Ms. Hobbick's statements were "race based because of my ethnicity." *Id.* at 3.

Defendant DCS employees Patrick McCoskey and Melinda Rangle confirmed to the police officers and the plaintiff that the CPS charge history was correct and attempted to explain why that is so. The defendants' actions, say the plaintiff, were "motivated by th[ese] white case worker[s] because I was homeschooling my child, plus I was homeless and African American." *Id.*

The plaintiff asserts that, based on the foregoing allegations, the defendants violated federal law, but he does not explain the particular right he contends they violated. He seeks forty-five

million dollars in compensatory damages for the trauma the situation caused and the termination of the defendants' employment with DCS.

### III.

It is difficult to discern the nature of the plaintiff's claim. This is made more difficult by his failure to respond to the defendants' motion to dismiss. As an initial matter, the defendants are correct that the plaintiff alleges that they were "negligent." The defendants maintain that the plaintiff's reference to negligence shows he is asserting state-law claims. If this is the case, the defendants are correct that the plaintiff's claims must be dismissed for lack of federal jurisdiction. But because the plaintiff explicitly invokes federal law as the basis for his claim, the Court concludes that it is more proper to assess defendants' motion by evaluating whether the plaintiff has stated a viable federal claim pursuant to Rule 12(b)(6).

The Court agrees with the defendants that, liberally construed, the most likely federal claim raised by the plaintiff is an equal protection claim, given that the plaintiff twice alleges that the defendants' actions were motivated by his race. "The Equal Protection Clause guards against government discrimination on the basis of race and other immutable characteristics." *Brunson v. Murray*, 843 F.3d 698, 705 (7th Cir. 2016).

The plaintiff's allegations are insufficient to state an equal protection claim. His only allegations regarding race are entirely speculative. Without any context or explanation, he simply asserts that the defendants' purported lies regarding his prior CPS charges were "race based," given that the defendants are white and he was "homeschooling my child, plus I was homeless and African American." Filing No. 1 at 3. In short, the plaintiff speculates that the defendants statements regarding his past CPS charges were race based.

Notably, the plaintiff does not even deny that the past CPS charges exist, he just says they should be attributable only to his children's mother.  The plaintiff acknowledges in his Complaint that defendant Ms. Rangle explained why the charges were to attributable to him.  And the defendants explain at length why, pursuant to Indiana law, they are attributable to him unless he utilizes the legal process to have those charges disassociated with him.  *See* Filing No. 11 at 5 n.1.  Thus it is not even plausible that the defendants were lying to the plaintiff, let alone that they lied to the plaintiff because of his race.

In order to state a claim for relief, the plaintiff's allegations must state an entitlement to relief "to a degree that rises above the speculative level."  *Munson*, 673 F.3d at 633.  The plaintiff's allegations fail to do more than speculate that his rights under the Equal Protection Clause were violated.  Accordingly, he has failed to state a claim and the defendants' motion to dismiss pursuant to Rule 12(b)(6) must be granted.

### IV.

For the reasons explained, the defendants' motion to dismiss [dkt. 10] is **granted**.  The plaintiff's claims are **dismissed with prejudice**.  Final judgment in accordance with this decision shall issue.

**IT IS SO ORDERED**.

Date: 3/1/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID EUGENE HENDERSON
2519 40th St.
Indianapolis, IN 46205

William Hackl Brainard
INDIANA ATTORNEY GENERAL
william.brainard@atg.in.gov

Matthew Keith Phillips
OFFICE OF THE ATTORNEY GENERAL
matthew.phillips@atg.in.gov